IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FLORA DANIELS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-08-737-C |
| ) | |
| C.L. FRATES AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed a complaint on July 18, 2008, against her current employer alleging claims of sex discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e et seq. Plaintiff also alleges a state law claim of intentional infliction of emotional distress. Defendant filed the present Motion for Summary Judgment.

### BACKGROUND

Plaintiff began working for Defendant in 1999 as a customer service representative. In 2001, she was promoted to the position of eligibility specialist. In early 2006, Plaintiff informed Defendant's general counsel, Lisa Bays, that she had been sexually harassed by Ted McLauchlin, Defendant's Senior Vice President and Chief Operating Officer. A meeting was subsequently held between Plaintiff, Ms. Bays, and Lynette Parmley, Defendant's Vice President of Human Resources. Plaintiff recounted six different incidents where Mr. McLauchlin had made sexually explicit comments or behaved in a sexually suggestive

manner toward her.[1]  Ms. Bays and Ms. Parmley then interviewed three of Plaintiff's coworkers, two of whom substantiated at least part of Plaintiff's claims.  Ms. Bays and Ms. Parmley then conducted a meeting on February 2, 2006, with Plaintiff and Mr. McLauchlin where all of Plaintiff's grievances were aired and, according to the Investigative Report, Plaintiff appeared satisfied with the outcome.

Plaintiff filed an EEOC charge on April 10, 2006, claiming that she suffered discrimination based upon sex.  According to Plaintiff's charge, the sexual harassment continued even after it was reported to management.  The EEOC conducted its own investigation and on January 11, 2007, it issued a determination that Defendant violated Title VII.  Four days later, on January 15, 2007, Plaintiff's supervisor transferred her from the position of eligibility specialist to that of receptionist.  According to Plaintiff, prior to her transfer, she did not see Mr. McLauchlin on a regular or daily basis.  After assuming her new position, however, she contends that she sees him on an almost daily basis and that, as a result, the harassment has continued.

Plaintiff filed a second EEOC charge on February 26, 2007, alleging that she was demoted in retaliation for filing her original charge of discrimination.  On April 30, 2007, the EEOC sent the parties a Notice of Conciliation Failure regarding Plaintiff's charge of discrimination, indicating that conciliation efforts were unsuccessful and that the case would be forwarded to the Department of Justice for possible litigation.  On March 5, 2008, the

---

[1] These comments are described in detail in the Investigative Report prepared by Ms. Bays and Ms. Parmley.  (See Def.'s Mot., Dkt. No. 21, Ex. 3.)

EEOC sent Plaintiff a Notice of Conciliation Failure regarding her retaliation claim, again indicating that the case would be forwarded to the Department of Justice for possible litigation. Right-to-sue notices were sent for both claims on April 24, 2008, and the present complaint was filed on July 18, 2008.

## STANDARD OF REVIEW

A motion for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the litigation under applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if it is such that a reasonable jury could find in favor of the nonmoving party. Id. The moving party bears the burden of demonstrating the lack of a genuine issue about any material facts. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once this burden is met, the nonmoving party must then respond and introduce specific facts demonstrating a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2). When deciding a motion for summary judgment, the court may only consider admissible evidence and must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion.'" Scott v. Harris, 550 U.S. 372, 378 (2007) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995).

The Supreme Court noted that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court went on to explain that, in this situation, there could be no genuine issue of material fact because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

## DISCUSSION

### A. Plaintiff's Title VII Claims[2]

Defendant first contends that both of Plaintiff's Title VII claims are time-barred. According to Defendant, the two notices sent to Plaintiff indicating that conciliation efforts were unsuccessful satisfied the statutory notice requirement, and therefore Plaintiff had ninety days from the date she received those notices to file her lawsuit. Because her suit was not filed within that ninety-day period, Defendant contends that her claims are untimely.

Pursuant to 42 U.S.C. § 2000e-5(f):

If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . , or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety

---

[2] In Defendant's reply, it claims to have challenged the merits of Plaintiff's retaliation claim. A careful reading of Defendant's motion, however, indicates that it challenged whether Plaintiff's alleged retaliatory transfer could rise to the level of outrageous conduct required to support a claim for intentional infliction of emotional distress. Because Defendant does not appear to have made any substantive challenge to either of Plaintiff's Title VII claims, the Court declines to consider their sufficiency.

> days after the giving of such notice a civil action may be brought against the respondent . . . .

The parties cite two contradictory cases, one decided by the Western District and the other decided by the Tenth Circuit, that they each claim mandate a contrary result. In <u>Swails v. Service Container Corp.</u>, 404 F.Supp. 835 (W.D. Okla. 1975), the plaintiff received a notice that conciliation efforts were unsuccessful and would not be resumed unless plaintiff so requested. A subsequent notice informed the plaintiff that, if she decided to sue, she could request a notice of right to sue and that she would have ninety days from receipt of such notice to bring her claims in federal court. When the plaintiff's counsel requested a formal right-to-sue letter, the EEOC requested that she refrain from filing her action until after the EEOC filed its own lawsuit against the same defendant. The plaintiff filed her lawsuit within ninety days of receiving her right-to-sue letter, but more than ninety days after receiving the notice of conciliation failure. The district court held that the plaintiff's claims were time-barred because the notice of conciliation failure triggered the ninety-day window. The court further noted that its decision did not deprive the plaintiff of any remedy for her alleged wrongs because the EEOC had already filed a substantially similar action against the same defendant.

One year later, the Tenth Circuit reached the opposite result in <u>Williams v. Southern Union Gas Co.</u>, 529 F.2d 483 (10th Cir. 1976). There, the plaintiff received a letter indicating that compliance efforts had been unsuccessful and that, should he desire to bring his own lawsuit, he could request a right-to-sue letter from the Commission and would have

ninety days from the receipt of that letter to file suit in federal court. The plaintiff requested a right-to-sue letter and filed a lawsuit within ninety days of receiving it. The Tenth Circuit relied heavily on a prior Eighth Circuit decision holding that the ninety-day period did not begin to run until the complaining party actually received the formal right-to-sue letter. Adopting that rationale, the Tenth Circuit found that the plaintiff's claims were not time-barred.

Defendant attempts to distinguish Williams by arguing that the decision was prompted by ethical considerations. Since the EEOC specifically told the plaintiff that he would have ninety days to bring a lawsuit once he received his right-to-sue letter, the Court therefore found in his favor. Defendant, however, overlooks the fact that the notice of conciliation failure at issue in Swails said substantially the same thing. More persuasive to this Court is the fact that the Swails court specifically noted that its decision would not deprive the plaintiff of any remedy she might have because the EEOC had already filed its own litigation. The same cannot be said of the present Plaintiff. This Court is bound by Tenth Circuit precedent, and therefore the Court finds that the ninety-day period within with Plaintiff must file her suit did not begin until she received her formal right-to-sue letter. Accordingly, Plaintiff's Title VII claims are not time-barred.

**B. Plaintiff's Claim of Intentional Infliction of Emotional Distress**[3]

In order for Plaintiff to prevail on her claim for intentional infliction of emotional distress, she must demonstrate that: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." Computer Publ'ns, Inc. v. Welton, 2002 OK 50, ¶ 7, 49 P.3d 732, 735. A defendant's conduct must be so outrageous and extreme that it goes "beyond all possible bounds of decency, and . . . is regarded as atrocious and utterly intolerable in a civilized community." Id. at ¶ 9, 735.

> "[L]iability clearly does not extend to mere insults, indignities, threats[,] annoyances[], petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind.

Mirzaie v. Smith Cogeneration, Inc., 1998 OK CIV APP 123, ¶ 18, 962 P.2d 678, 682 (quoting Restatement (Second) of Torts § 46 cmt. (d) (1965)).

Oklahoma courts have repeatedly considered such claims in the context of employment-related disputes. In Miner v. Mid-America Door Co., 2003 OK CIV APP 32, 68 P.3d 212, the Oklahoma Court of Civil Appeals held that plaintiffs who suffered sexually explicit verbal abuse and physically threatening conduct at the hands of a supervisor could

---

[3] Because the Court finds that Plaintiff's claim of intentional infliction of emotional distress fails as a matter of law, it declines to address her statute of limitations argument or her argument based on the doctrine of respondeat superior.

not maintain a claim of intentional infliction of emotional distress, even though the company may not have reasonably and promptly addressed their complaints, because the "the company's conduct . . . was not such conduct as could reasonably be found to be 'beyond all possible bounds of decency in the setting in which it occurred' or 'utterly intolerable in a civilized community.'" Id. at ¶ 43, 224.  The Court summarized similar holdings in other cases:

> Examples of conduct that was not sufficiently outrageous to meet the standard include: Eddy v. Brown, 1986 OK 3, 715 P.2d 74, involving a supervisor and foreman ridiculing the plaintiff in the workplace; Anderson v. Oklahoma Temporary Services, Inc., 1996 OK CIV APP 90, 925 P.2d 574, involving six events over a two-year period that included a supervisor making lewd remarks about the plaintiff and embarrassing her by discussing her faults with co-workers; and Mirzaie v. Smith Cogeneration, Inc., 1998 OK CIV APP 123, 962 P.2d 678, involving conduct that included an employer calling the plaintiff in the middle of the night and browbeating him for hours, requiring him to do unnecessary work, and making derogatory sexual comments about the plaintiff's fiancee.  In all these cases, the reviewing court determined the conduct was not sufficiently outrageous to hold the defendants liable under the tort.

Id. at ¶ 42, 223.

The crux of Plaintiff's claim is that she was subjected to a continuing hostile work environment due to the actions of Mr. McLauchlin and that Defendant did nothing to ameliorate the situation.  Additionally, she contends that Defendant retaliated against her by transferring her to a less desirable position after she reported the harassment.  Oklahoma courts, however, have routinely held that workplace harassment claims do not rise to the level of outrageous conduct necessary to support a claim of intentional infliction of emotional

distress. Nothing in Plaintiff's allegations indicates that this Court should reach a contrary result and therefore her claim must fail as a matter of law.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 21) is GRANTED IN PART and DENIED IN PART. Plaintiff's claim of intentional infliction of emotional distressed is dismissed, while her Title VII claims remain.

IT IS SO ORDERED this 23rd day of July, 2009.

ROBIN J. CAUTHRON
United States District Judge